UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

BRADFORD APPLEGATE,

        Plaintiff,

  -against-                      9:02-CV-276
                                    (LEK/DEP)

ANTHONY J. ANNUCCI, *et al*.,

        Defendants.

**<u>DECISION AND ORDER</u>**

      This matter comes before the Court following a Report-Recommendation filed on September 21, 2005 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Dkt. No. 38.  After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Defendants, which were filed on September 26, 2005.  Dkt. No. 39.

      It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein, with the following modification.  Plaintiff fails to allege personal involvement of Defendants Ricks and Hopkins in the claims surviving the Rule 12(b)(6) motion to dismiss, and they should, therefore, be dismissed from the case.

1

In claims of alleged constitutional deprivation, the personal involvement of defendants is a prerequisite to an award of damages. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). As to the personal involvement of Defendant Ricks in the alleged constitutional deprivations, Judge Peebles found Plaintiff's allegation that Ricks reviewed and responded to Plaintiff's complaints regarding a seventy-five day keeplock sentence sufficient to implicate Ricks' personal involvement "in that violation." Report-Recommendation (Dkt. No. 38) at 35-36. However, Judge Peebles also found that Plaintiff's seventy-five day keeplock sentence as alleged did not represent "an atypical and significant hardship" sufficient to sustain a procedural due process claim, and thereby recommended that the claim be dismissed. Id. at 28. Because Defendant Ricks was only personally involved in a claim that is dismissed on the merits, he is dismissed from this case.

As to the personal involvement of Defendant Hopkins, Judge Peebles found that Plaintiff's allegation concerning Hopkins' rejection of the facility claim for lost legal materials was sufficient to implicate Hopkins' personal involvement "in any constitutional violation surrounding the loss" of those materials. Id. at 37. However, Judge Peebles also found that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Id. at 32 (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1983)). Because "a New York inmate allegedly deprived of personal property has adequate recourse to redress the deprivation by way of the Court of Claims," Judge Peebles recommended the dismissal of Plaintiff's claims surrounding his lost legal materials. Report-Recommendation (Dkt. No. 38) at 33 (citing Forman v. Coughlin, No. 93 CIV. 8412, 1994 WL 708150, at *1 (S.D.N.Y. Dec. 20, 1994)). Since Defendant Hopkins was only personally involved

in a claim that is dismissed on the merits, he is dismissed from this case.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 38) is **APPROVED** and **ADOPTED AS MODIFIED**, with the specified modification; and it is further

**ORDERED**, that Defendants Ricks and Hopkins are dismissed from the case; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:   February 02, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge